THE JOHN E. ENRIGHT. THE WILLIAM G. FOX. THE CAPTAIN M. CHAPMAN.

Nos. 268, 269.

Circuit Court of Appeals, Second Circuit.

April 7, 1930.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for libelants-appellees.

Stanley & Gidley, of Buffalo, N. Y. (Arthur E. Otten, of Buffalo, N. Y., of counsel), for claimant-appellant.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

We agree with the finding of the District Court that the proximate cause of the collision was the failure of the tug to comply with the rule requiring it to use a towing line no longer than 50 feet when passing into this lock. Had that rule been heeded, the tug would have been near enough to the barges to have controlled their drift in the current and prevented the damage. The captain of the tug as much as admitted this when he testified, and it seems too self-evident for discussion. Nor can any contribu-

tory fault be cast upon the captains of the barges for not succeeding in the attempt to control them with the line to the mooring post. It was put out, while not perhaps at the very first instant it might have been, in a timely manner, before there was reason to believe it would be insufficient, and, when that fact was, or should have been, first realized it was too late to do more. The tug had virtually abandoned the barges to the mercy of the cross current, and they were thus rendered helpless to avert the collision.

█ It is thought by the claimant that these libels in rem will not lie against the tug, however, because it is claimed that the Independent Towing Company and the barge owners had by their agreement entered into a partnership into which the tug and barges had been put as partnership property. We think their agreement did create a partnership. They voluntarily joined in the business of general transportation of merchandise on the canal between New York and Buffalo. The principal contribution of one party was the motive power and that of the others the carrying capacity. All were to own an agreed interest in the net profits as such after expenses were paid. All the essential earmarks of a partnership were embodied in this agreement. Meehan v. Valentine, 145 U. S. 611, 12 S. Ct. 972, 36 L. Ed. 835; Ward v. Thompson, 22 How. 330, 16 L. Ed. 249.

█ But we are not now concerned with any effect of their agreement on third persons nor with the jurisdiction of the court of admiralty over a partnership contract. The claimant questions the right to maintain libels in rem against a tug to recover for a tort consisting in the negligent towage of barges by the tug where the use of the tug only has been contributed to the partnership by one partner, who has retained its exclusive management and operation, and the use only of the barges has been contributed by other partners, who have likewise retained for themselves the exclusive management and operation of their barges, subject only to an agreement by all the parties to manage and operate in the common interest as it might appear. The towing company did not put into the partnership the tugs themselves as property to become partnership assets, nor did the barge owners contribute their boats as physical property of the partnership. They each kept that part for themselves; but they did put into the partnership the right to use the tangible property as agreed. Their contribution in so far as the vessels are directly concerned was nothing more than motive power on the one hand and carrying capacity on the other. Each partner acquired an interest in the combination of these two things, though not in the vessels by means of which these things were furnished, since their agreement did not go that far and the intent of the partners sets the bounds to which among themselves, at least, the ownership of their own property is transferred to the partnership. In re Swift et al. (D. C.) 118 F. 348. It is even so where property is purchased with partnership funds. Hoxie v. Carr, 12 Fed. Cas. page 746, No. 6802. These partners had a community of interest in the profits, in whatever good will, contracts of carriage, or other intangible property the partnership acquired; indeed, they each had an interest in all partnership property of whatever kind. Yet the libelants did not own any part of the tug nor did the towing company have any proprietary interest in the barges. Consequently the partnership did not own any of the vessels. Under these circumstances we see no reason why the libelants may not maintain an action in rem against the tug for its negligent towing by which the barges were damaged. They are not seeking to enforce a lien on partnership property but on property which has been kept apart as its own by one of the partners who was the owner pro hac vice. The claimant, of course, is bound by the limitations of the partnership agreement made by the towing company to whom it chartered its tug.

Decrees affirmed.